UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FRANK LONG,

        Plaintiff,

                                     Case Number 04-10042-BC

v.                                     Honorable David M. Lawson

MARK ADAMS and SAGINAW
VALLEY NEUROSURGERY, P.C.,

        Defendants.
_____ /

## ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM ORDER AND/OR TO FILE MOTION OUT OF TIME

On February 23, 2006, this Court entered an order denying the defendants' motion *in limine* because it was filed out of time. The Court found that although the deadline for filing motions *in limine* had been extended in the Case Management and Scheduling Order, the deadline for filing motions challenging expert witnesses had not been altered. Because the defendants had neither sought to file the motion out of time nor presented good cause for amending the scheduling order, there was no basis for relief.

Presently before the Court is the defendants' motion seeking relief from the order pursuant to Federal Rule of Civil Procedure 60. The defendants assert that they took the deposition of Dr. Edward Smith on November 11, 2004, and by the time they had an opportunity to obtain the transcript, review it, and file an appropriate motion, the deadline for challenging expert witnesses has elapsed. The defendants also contend that their motion sought to exclude clearly inadmissible evidence and therefore a motion *in limine* was appropriate in light of the established deadlines.

Federal Rule of Civil Procedure 60(b)(6), the provision under which the defendants bring their motion, provides, in relevant part:

> **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc**. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
> . . .
> (6) any other reason justifying relief from the operation of the judgment.

The decision to grant or deny a Rule 60(b) motion "is a matter of discretion for the district court." *Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir. 1981). Further, a motion under Rule 60(b)(6), the "catchall provision," 12 Moore's Federal Practice § 60.48[1], is applicable "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *McDowell v. Dynamics Corp.*, 931 F.2d 380, 383 (6th Cir. 1991).

In this case, the defendants have not presented extraordinary circumstances that would permit this Court to grant relief under Rule 60(b)(6). The defendants' first argument suggests at most an unexplained problem of time management. They apparently rely on the implication that obtaining a deposition transcript, reviewing it, and preparing a motion cannot be done within a month's time. However, that implication by itself does not amount to an extraordinary circumstance. The defendants' second argument similarly is misplaced. Dr. Smith is an expert witness in this case and the defendants challenge his qualifications as the basis for its motion *in limine*. A deadline for challenging expert witnesses was explicitly provided in the Case Management and Scheduling Order, the defendants missed that date, and the semantic distinction they advance does not change the substance of their tardy motion.

Alternatively, the defendants now seek to amend the scheduling order. The Case Management and Scheduling Order in this case was entered pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, which requires the court to "enter a scheduling order that limits the time . . . to file motions[] and . . . to complete discovery." Fed. R. Civ. P. 16(b)(2), (3). Once entered,

"[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge."  Fed. R. Civ. P. 16(b); *see also Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).  Moreover, a court may change a schedule "only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  *Ibid.* (quoting Fed. R. Civ. P. 16, 1983 advisory committee's notes).  Stated another way, "the primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements."  *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.,* 249 F.3d 807, 809 (8th Cir. 2001); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (joining the Eighth, Ninth, and Eleventh Circuits); *Leary*, 349 F.3d at 906.  In this case, the defendants have not explained why they were unable to meet the deadline other than to suggest a month was insufficient to obtain a deposition transcript, review it, and file a motion.  Consequently, good cause has not been shown.

Accordingly, it is **ORDERED** that the defendants' motion for relief from order and/or to file a motion out of time [dkt #36] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 29, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 29, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS